UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EILEEN T. WALSH,<br><br>  Plaintiff,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>  Defendant. | Case No. 4:21-cv-00597 |

## COMPLAINT

**NOW COMES** Plaintiff, EILEEN T. WALSH, through undersigned counsel, complaining of Defendant, GC SERVICES LIMITED PARTNERSHIP, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

### PARTIES

4. EILEEN T. WALSH ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Connecticut.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. GC SERVICES LIMITED PARTNERSHIP ("Defendant") is a corporation organized and existing under the laws of Delaware.

1

7. Defendant has its principal place of business at 6330 Gulfton Street, Houston, Texas 77081.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. In or around June of 2020, Plaintiff started to receive collection phone calls.

11. Upon answering said collection phone calls, Plaintiff discovered it was Defendant calling attempting to collect an alleged consumer debt owed to Citibank for a Sears Credit Card.

12. The alleged consumer debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. After receiving the initial phone call on or around June 2, 2020, Plaintiff next heard from Defendant via a written communication.

14. The written communication was sent on or around June 23, 2020. ("Defendant's Letter").

15. Defendant's Letter depicted, in pertinent part:

**Intentionally Left Blank**

> June 23, 2020
>
> File Number: 4834810
> Client Account Number: ENDING 0978
> New Balance: $3,870.66
>
> RE: Sears Mastercard
>
> Dear EILEEN T WALSH,
>
> We'd like to let you know that our client, Citibank, N.A., has authorized us to make you a settlement offer on your account. If you pay 75% of the New Balance, our client will consider your account settled.
>
> This is an excellent opportunity to take care of your account. If you wish to take advantage of this offer, either call our office at 866-678-4573 or mail us your payment of $2,903.00.
>
> Please note the payment must be for the exact amount stated in this letter and must be received no later than fourteen (14) days from the date of this letter or this particular offer will be null and void. Please understand our client is not obligated to renew this offer.
>
> This settlement may have tax consequences. Please consult your tax advisor.
>
> If you are making a payment, please send it along with the top portion of this notice to the post office box listed above, and, if paying by check, make your check payable to "Citibank".
>
> If you have any questions or wish to propose an alternative payment solution, please do not hesitate to contact us.
>
> Sincerely,
>
> Douglas Kemp
> Account Representative
>
> If you would prefer, you can make a payment on your account using a debit card by going to our website at www.gcpayonline.com or calling us at 844-694-2082. Use the following number to identify yourself when prompted: 308120153010595
>
> * As of the date of this letter, you owe $3,870.66. Because of interest, late charges, and other charges that may vary from day to day, the amount owed on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you.
>
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION
> GC Services Limited Partnership – 6330 Gulfton, Houston, TX 77081
> 0185-14    BSL-CITIB    308120153010595    58139203

16.   Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17.   Defendant's Letter is the only written correspondence that Plaintiff has received from Defendant.

18.   Upon reviewing Defendant's collection letter, Plaintiff was confused as to what the settlement offer and terms specifically entailed.

19.   Specifically the language referenced in paragraph 15 above next to the * confused Plaintiff, as it fails to clarify the amount show above applies to the New Balance or the Settlement Offer or to both amounts.

20.   This statement caused Plaintiff a great deal of confusion and uncertainty as to the offer provided, eventually impacting Plaintiff's decision to pay the subject debt.

21. Upon information and belief, Defendant specifically designed their letter Collection Letter to be ambiguous, confusing, and misleading in order to coerce Plaintiff into calling Defendant so they could have an attempt to collect the subject debt over the phone.

22. Also notably missing from Defendant's Letter was the required validation language pursuant to the FDCPA.

## DAMAGES

23. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. See *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

24. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify.

25. But being misled to in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless. See *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

26. Defendant's Letter would not only be highly confusing to the unsophisticated consumer but would also be highly confusing to the most sophisticated consumer.

27. Simply put, Plaintiff was confused and mislead which impacted her ability to make an educated decision regarding the subject debt.

28. Concerned with having had her rights violated, Plaintiff retained counsel to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### VIOLATIONS OF SECTIONS 1692E AND E(10) OF THE FDCPA

30. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

31. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

32. Although the word "confusing" does not appear in section 1692e, courts have "interpreted the FDCPA to prohibit confusing presentations." See *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 343 (7th Cir. 2018). Under this standard, a letter might be literally true, but still be misleading or confusing. *Id* at 344.

33. Defendant's Letter violated 15 U.S.C. §§1692e and e(10) because it is highly confusing and ambiguous with respect to the specifics regarding Defendant's settlement offer.

34. Simply put, Defendant's letter conveys information that impacted and impeded Plaintiff's decision making process.

35. In no uncertain terms, the language in Defendant's Letter would confuse the least sophisticated consumer and can result in mass consumer deception and confusion. See *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996) (Court must judge the language of a dunning letter from the perspective of the "least sophisticated consumer.")

### VIOLATIONS OF 15 U.S.C. § 1692G

36. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)    the amount of the debt;

    (2)    the name of the creditor to whom the debt is owed;

    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

37. Section 1692g of the FDCPA requires debt collectors to make certain critical disclosures to consumers, including certain validation requirements within 5 days of the initial contact.

38. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

39. At no point in time has Plaintiff received a written communication containing the required information of the FDCPA referenced above.

40. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e and g pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692e and g;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 24, 2021          Respectfully submitted,

EILEEN T. WALSH

By: */s/ Victor T. Metroff*

Victor T. Metroff
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
vmetroff@sulaimanlaw.com
mbadwan@sulaimanlaw.com